```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC CESAR CARATTINI,

                 Plaintiff,

    -against-

CHRISTOPHER BEHUN,

                 Defendant.

7:21-CV-9373 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Eric Cesar Carattini, who is currently held in the Westchester County Jail and is appearing *pro se*, brings this action against Christopher Behun, a Senior Investigator with the New York State Police Drug Enforcement Task Force. He seeks damages. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

    By order dated December 8, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on Behun until the Court reviewed the complaint and ordered that a summons

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

be issued for Behun. The Court therefore extends the time to serve Behun with the complaint until 90 days after the date that a summons is issued for Behun. If the complaint is not served on Behun within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on Behun through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Behun. The Clerk of Court is also instructed to issue a summons for Behun, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summons and the complaint on Behun.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package, and to show proof of service on the docket.

The Court also directs the Clerk of Court to: (1) issue a summons for Behun, (2) complete a USM-285 form with the service address for Behun, and (3) deliver all documents

necessary to effect service of a summons and the complaint on Behun to the U.S. Marshals Service.

SO ORDERED.

Dated:  December 15, 2021
        White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Senior Investigator Christopher Behun, Badge No. 2960
New York State Police Drug Enforcement Task Force
New York State Police Barracks
200 Bradhurst Avenue, #2
Hawthorne, New York 10532