```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/15/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERIC CARATTINI,

                    Plaintiff,

       -against-

CHRISTOPHER BEHUN,

                    Defendant.

21-cv-9373 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Eric Cesar Carattini, who is currently incarcerated and is appearing *pro se*, brings this action against Christopher Behun, a Senior Investigator with the New York State Police Drug Enforcement Task Force. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and state law. Defendant filed a motion to dismiss the original Complaint on October 28, 2022 (ECF No. 25), which Plaintiff did not oppose. By letter dated May 30, 2023, Plaintiff informed the Court that he planned to file (1) an opposition to Defendant's motion to dismiss, (2) a motion to appoint counsel, (3) a motion to amend the Complaint, and (4) an Amended Complaint. (ECF No. 30.) In light of Plaintiff's letter, the Court denied without prejudice Defendant's motion to dismiss and granted Plaintiff leave to file an Amended Complaint. (ECF No. 31.) On June 12, 2023, Plaintiff filed the following papers: (1) an opposition to Defendant's motion to dismiss (ECF No. 34), (2) a motion to appoint counsel (ECF No. 33), (3) a motion to amend the Complaint (ECF No. 35), and (4) an Amended Complaint (ECF No. 36). The Court addresses each in turn.

    **I.**    **Plaintiff's Opposition to Defendant's Motion to Dismiss**

    Defendant filed a motion to dismiss the Complaint on October 28, 2022. (ECF No. 25.) Plaintiff did not oppose Defendant's motion. Plaintiff, however, has now filed an opposition to

Defendant's motion. (ECF No. 34.) This Court already denied Defendant's motion because Plaintiff sought leave to amend the Complaint and the Court granted leave. (ECF No. 31.) Accordingly, there is no outstanding motion for Plaintiff to oppose at this time, and as such, Plaintiff's opposition is moot and the Court strikes it from the docket.

### II.     Plaintiff's Motion to Appoint Counsel

Plaintiff asks this Court to appoint counsel. (ECF No. 34.)

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro*

*se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

Here, the proceedings are still in their early stages, and the parties have yet to enter discovery or make summary judgment motions. Thus, the Court is unable to conclude that Plaintiff cannot handle the case without assistance, although this conclusion may change as the action progresses. Furthermore, the Court still cannot ascertain whether Plaintiff's position shows a strong chance of success, nor do the legal issues in this case appear to be particularly complex.

Therefore, because the Court does not find any circumstances which warrant the appointment of pro bono counsel *at this time*, Plaintiff's request is DENIED without prejudice to renew at a later stage in the proceedings.

Plaintiff, however, may wish to consult the legal clinic in this District that assists people who are parties in civil cases and who do not have lawyers. The New York Legal Assistance Group ("NYLAG") operates the clinic. Because the clinic is not part of the court, among other things, it cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit.

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant, which may take up to two weeks after receipt of the paperwork. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

### III. Plaintiff's Motion to Amend the Complaint

Plaintiff moves the Court to grant leave to amend the Complaint. (ECF No. 35.) This Court already granted Plaintiff leave to amend the Complaint no later than July 19, 2023. (ECF No. 31.) Plaintiff has done so, filing the Amended Complaint on June 12, 2023. (ECF No. 36.)

3

As such, Plaintiff's motion to amend the Complaint is DENIED as moot, and the Court deems the Amended Complaint to be the operative one. Defendant is directed to answer the Amended Complaint or otherwise seek leave to move in response to the Amended Complaint no later than July 6, 2023.

## CONCLUSION

Because there is no outstanding motion for Plaintiff to oppose at this time, Plaintiff's opposition is moot. The Court respectfully directs the Clerk of Court to strike ECF No. 34 from the docket.

Because the Court does not find any circumstances which warrant the appointment of pro bono counsel *at this time*, Plaintiff's request is DENIED without prejudice to renew at a later stage in the proceedings.

Because the Court recently granted Plaintiff's request to amend the Complaint, Plaintiff's present motion to amend the Complaint is DENIED as moot, and the Court deems the Amended Complaint to be the operative one. Defendant is directed to answer the Amended Complaint or otherwise seek leave to move in response to the Amended Complaint no later than July 6, 2023.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 33 and 35.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his address as listed on ECF and to show service on the docket.

Dated: June 15, 2023  SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
SOUTHERN DISTRICT OF NEW YORK**

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

## I. LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

## II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time. NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____          _____
Signature                                                                               Date


**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**



Revised 10/30/22

**Name** _____   **Date of Birth** _____

**Facility** _____

**Identification #** _____   **Email (if available)** _____

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |

Other _____

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**