UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
ERIC C. CARATTINI,                                        :
                                                          :
                                  Plaintiff,              :
                                                          :
                  -against-                               :
                                                          :
CHRISTOPHER BEHUN,                                        :
                                                          :
                                  Defendant.              :
------------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/03/2025
```

**OPINION AND ORDER**

21 Civ. 9373 (NSR) (AEK)

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff, Eric C. Carattini ("Plaintiff" or "Carattini"), commenced the instant action on or about October 25, 2021, asserting claims against Defendant Christopher Behun ("Defendant" or "Behun") sounding in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* ECF No. 1.) By order dated April 11, 2025, the matter was referred to Magistrate Judge Andrew E. Krause ("MJ Krause"), pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), for all general pre-trial matters. (*See* ECF No. 78.) Presently before the Court is MJ Krause's Report and Recommendation ("R&R") dated October 14, 2025, recommending that the action be dismissed with prejudice due to Plaintiff's failure to prosecute. (*See* ECF No. 97.)

For the following reasons, the Court adopts the R&R in its entirety and deems the action dismissed.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate,

1

proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a

magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(2)–(3). However, "[t]o accept the report

and recommendation of a magistrate, to which no timely objection has been made, a district court

need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel

Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186,

1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008)

("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial

review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir.

1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b))

("When no timely objection is filed, the court need only satisfy itself that there is no clear error on

the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R&R, those parts must be reviewed

*de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34,

38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record,

applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz

v. Girdish*, 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted).

But to the extent "a petition makes only general and conclusory objections… or simply reiterates

the original arguments, the district court will review the report and recommendations strictly for

clear error." *Harris v. Burge*, 2008 WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008). The distinction

turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007), *aff'd*, 308 F. App'x 560 (2d Cir. 2009).

## **DISCUSSION**

Despite the passage of more than fourteen days, neither Plaintiff nor Defendant have objected to MJ Krause's R&R. As required, the Court reviews the R&R for clear error. *See Harris*, 2008 WL 772568, at *6. Upon a thorough review of the record and MJ Krause's well-reasoned decision, the Court finds the conclusion(s) reached are grounded in fact and law. Accordingly, the Court finds no clear error.

As outlined in more detail in the R&R, Plaintiff commenced this action on or about October 25, 2021. (ECF No. 1.) Thereafter, Plaintiff filed an Amended Complaint and a Second Amended Complaint. (ECF Nos. 36, 40). By order dated July 25, 2024, the parties were directed to confer and submit a joint case management plan for the Court's consideration. (ECF No. 73.) Despite repeated attempts by defense counsel to communicate with Plaintiff, no joint case management plan was able to be submitted. On April 11, 2025, this Court issued a case management plan and referred the matter to MJ Krause for pretrial purposes. (ECF Nos. 77–78.) As reflected in the R&R, Plaintiff failed to appear at multiple scheduled case conferences, including conferences held on June 9, 2025, June 20, 2025, July 8, 2025, and July 22, 2025.

It is well settled in this Circuit that when considering a motion to dismiss, pursuant to Federal Rule of Civil Procedure 41(b), courts consider whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) the plaintiff was given notice that further delay would result in dismissal; (3) the defendant was likely to be prejudiced by further delay; (4) the

need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 42 (2d Cir. 2013) (citing *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009)). As found by MJ Krause, all five factors warranted the dismissal of Plaintiff's claims against the Defendant.

## **CONCLUSION**

Upon a review of the R&R, the Court finds no clear error on the face of the R&R. Accordingly, the Court adopts MJ Krause's R&R in its entirety. The action is deemed DISMISSED with prejudice due to Plaintiff's failure to prosecute. The Clerk of Court is respectfully directed to mail a copy of this Opinion to *pro se* Plaintiff at the address on ECF, to show service on the docket, to terminate the motion at ECF No. 92, and to terminate the action.

Dated: December 3, 2025                                                    SO ORDERED
      White Plains, NY

                                        Nelson S. Roman
                                        U.S. District Court, Judge